# Wilson *versus* Martin, Executor, &c., of Belford.

| 74 | 159 |
| 152 | 601 |

1. After a note under seal from Frow to Wilson was due, at the request of Frow, Wilson agreed to continue it, if Frow would give security. Belford agreed with Wilson to become surety, and there being no room at the bottom of the note to sign his name, Belford said it would do to sign on the back, and in signing thus said to Wilson, he understood he was " going on the note as security." *Held*, this was within the Statute of Frauds, and Belford was not liable.

2. The endorsement, the testimony being parol, did not take it out of the statute.

3. Endorsement in blank of note not negotiable is not evidence of a written promise to pay under the statute.

4. Murray *v.* McKee, 10 P. F. Smith 35 ; Schaffer *v.* Bank, 9 Id 144, followed.

May 22d 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Juniata county :* Of May Term 1873, No. 79.

This was an action of assumpsit, brought August 26th 1871, by William W. Wilson against Amos H. Martin, executor, &c., of Joseph M. Belford, deceased.

The cause of action arose under the following circumstances, evidence of which, under objection and exception, was received by Junkin, P. J., on the trial of the cause December 5th 1872.

Sulouff, Frow and Parker had executed to the plaintiff a note as follows :—

" One day after date we or either of us promise to pay to William W. Wilson or order the sum of Twenty-six Hundred and Twenty-five Dollars, for value received.

" Witness our hands and seals this 14th day of May 1867.

JACOB SULOUFF, 　[L. s.]<br>
THOMAS J. FROW, 　[L. s.]<br>
THOMAS U. PARKER. [L. s.]"

$2625.

The note having been due about eighteen months, Frow, in company with the plaintiff, told Belford, the decedent, that plaintiff held this note against them, but if they would give him security they might hold the money for some time, and Frow asked Belford if he would go security. Belford said " Yes." The note was presented, and Belford said : " There is no room for me here to sign this note. I suppose it will do as well if I sign the note on the back." About the time he was going to sign the note, plaintiff said : " Now, the understanding is, you are going on this note as security." Belford replied, " O yes, sir," and signed his name on the back of the note, thus, " J. M. Belford," without anything more.

The court instructed the jury that the plaintiff could not recover,

[Wilson *v.* Martin.]

\* \* \* " 1. Because the endorsement of Belford on this sealed note creates no liability whatever.

"2. Because the plaintiff, in order to establish a liability or undertaking on the part of Belford to pay this debt of Sulouff, Frow & Parker, is compelled to resort to. parol evidence, and as this is offered to show the former's undertaking to pay the debt of another, it is inadmissible for that purpose, the Act of 26th April 1855 forbidding. Jack *v.* Morrison, 12 Wright 113; Schafer *v.* Bank, 9 P. F. Smith 144, show "that an endorsement is not a note in writing, as required by the statute," and "that no proof of liability for the debt of the maker different from that which the endorsement imports, can be made by parol." The offer here is to show that when Belford wrote his name across the back of this sealed note, he agreed that it should bind him all the same as if his name had been signed below Sulouff, Frow & Parker's, and this cannot be done; it would be establishing Belford's liability by parol, and not by the writing itself." \* \* \*

The verdict was for the defendant.

The plaintiff took a writ of error, assigning for error the instruction of the court.

*E. D. Parker*, for plaintiff in error.—The consideration of a written agreement to answer the debt·of another, may be shown by parol: Shively *v.* Black, 9 Wright 345. The parol evidence was introduced to show that by reason of want of room the name was put on the back of the note, and that, in fact, Belford was one of the makers. Parol proof is admissible to show mistake: Martin *v.* Berens, 17 P. F. Smith 459. The·Statute of Frauds does not prevent showing a mistake by parol: Hewes *v.* Taylor, 20 P. F. Smith 387; Steininger *v.* Hoch, 3 Wright 263. This is a promise in writing: Paul *v.* Stackhouse, 2 Wright 302; 2 Story on Contracts 675, and cases in notes; 2 Parsons on Contracts 297–299.

*E. S. Doty*, for defendant in error.

The opinion of the court was delivered, July 2d 1873, by

MERCUR, J.—The plaintiff claimed that the defendant's testator was liable to him, as surety or guarantor, for the payment of a note under seal, which he held against three joint and several makers. He gave in evidence the endorsement of the testator, in blank, upon the back of the note, and then parol evidence of the agreement of the testator to become responsible for its payment. The court held the evidence insufficient, and directed the jury to find for the defendant. This instruction is assigned for error.

The first section of the Act of April 26th 1855, Purd. Dig. 724, pl. 4, entitled " A Supplement to the Act for the Prevention of

[Wilson *v.* Martin.]

Frauds and Perjuries, passed 21st day of March 1772," has several times been considered by this court. Its language is clear and explicit, that no action shall be brought "whereby to charge the defendant upon any special promise to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized." The court has uniformly manifested a determination to enforce the provisions of the act for the purposes indicated in its title.

Giving to the parol testimony the force claimed for it by the plaintiff, is, in effect, establishing the defendant's liability wholly by parol. The note was past due when the testator endorsed it. Even if the testator had written his name at the foot of the note, where it is claimed he would have placed it if the space had permitted, the writing would not have shown the conditional obligation which the testator agreed to assume. If, however, he had done so, the writing would have shown an absolute promise, and the requirements of the statute would have been complied with. The case stands upon different grounds. The endorsement in blank of a note not negotiable is not such written evidence of a promise to pay as the statute requires: Jack *v.* Morrison, 12 Wright 113; nor can it be construed into a parol contract of guaranty: Id. The case of Schafer *v.* Farmers' and Mechanics' Bank, 9 P. F. Smith 144, was twice argued, and the court unanimously held, that an endorsement is not such a note in writing as is required by the aforesaid statute, and that proof of a collateral liability for the debt of the maker, different from that which the endorsement imports, cannot be made by parol. In Murray *v.* McKee, 10 P. F. Smith 35, the court unanimously reaffirmed those decisions, and, in giving the opinion of the court, Mr. Justice Sharswood says : " The question ought now, therefore, to be considered as entirely at rest in this state."

The plaintiff derives no aid from this endorsement, and therefore attempts to establish a liability wholly by parol. This cannot be done. The learned judge was correct in his instructions.

Judgment affirmed.