## CENTRAL N. BANK v. WM. DREYDOPPEL.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued April 9, 1890—Decided May 5, 1890.

[To be reported.]

One who indorses a promissory note drawn to the order of the maker, but
before the latter has indorsed it, will be liable to the holder, after the
maker has indorsed and negotiated it, although the indorsement of the
maker and payee is placed beneath the signature of the irregular in-
dorser: Schafer v. F. & M. Bank, 59 Pa. 144, and cases following it,
distinguished.*

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 249 January Term 1890, Sup. Ct.; court below, No. 94
December Term 1889, C. P. No. 4.

On November 9, 1889, the Central National Bank of Boston
brought assumpsit against William Dreydoppel, as the indorser
of a promissory note of which the following is a copy:

$2,500.                           BOSTON, May 14th, 1889.

Five months after date we promise to pay to the order of
ourselves twenty-five hundred dollars.    Value received.

(Signed)           JONES & EATON.

Indorsed:

WILLIAM DREYDOPPEL,

JONES & EATON.

The plaintiff filed a statement of claim setting out the note
and its indorsements, averring that it was discounted by the
plaintiff at the instance of Jones & Eaton, who failed to pay
it at maturity, and that the defendant had due notice thereof,
etc.

The defendant filed an affidavit of defence making the fol-
lowing averments:

" The promissory note upon which this action is based was
presented to the defendant at his place of business, No. 208

---

* See note by M. A. to the report of this case in 26 W. N. 242.

North Front street, in the city of Philadelphia, by Mr. Eaton, of the firm of Jones & Eaton, the makers of the said note. The defendant, at the urgent request of the said Eaton, and without any consideration whatever, but for the sole accommodation of the said Jones & Eaton, wrote his name upon the back of the said note, after being assured by them that they would see it paid and that deponent should not lose anything by so indorsing. That at that time there was no indorsement upon said note.

" Deponent further believes and expects to be able to prove that plaintiff is not a bona fide holder for value, but has brought suit on said note solely for the use and benefit of said Jones & Eaton, who are the owners thereof, and who are endeavoring by collusion with plaintiff to obtain judgment against defendant.

" Deponent further says that he is not indebted to said Jones & Eaton in any manner whatsoever upon said note or otherwise.

" Deponent is advised and suggests to the court that the indorsement upon said note is irregular and does not create any obligation upon deponent, and that said note by reason of the irregular indorsement thereon is not a negotiable instrument."

A rule for judgment for want of a sufficient affidavit of defence, having been argued, was made absolute, the court filing no opinion. Judgment having been entered in favor of the plaintiff for $2,537.60, the defendant took this appeal, assigning the order entering judgment for want of a sufficient affidavit of defence for error.

*Mr. J. S. Freeman* (with him *Mr. John F. Keator*), for the appellant :

1. The note was not a negotiable instrument when the defendant placed his name upon the back of it, and, having received no consideration for his indorsement, no liability attached to him ; it became a complete negotiable instrument only when Jones & Eaton indorsed it and delivered it to the plaintiff bank : Parsons on N. & B., 17, 18 ; Daniel on Neg. Inst., § 716 ; Blatchford v. Milliken, 35 Ill. 434 ; Kayser v. Hall, 85 Ill. 511 (28 Am. Rep. 624) ; Stoddard v. Penniman, 108 Mass. 366. The decisions of this court have been uniform as to the effect of an anomalous indorsement such as this one. Unless the instru-

Arguments.

ment indorsed is negotiable, no liability whatever is imposed upon the indorser.

2. There is nothing, therefore, in the form of this instrument to make it an exception to the rule laid down in Shafer v. F. & M. Bank, 59 Pa. 144, that an anomalous indorser cannot be held unless the payee assumes the position of first indorser. That decision has been re-affirmed by an unbroken line of cases: Murray v. McKee, 60 Pa. 35; Eilbert v. Finkbeiner, 68 Pa. 243; Losee v. Bissell, 76 Pa. 459; Arnot v. Symonds, 85 Pa. 99. The same view is held in England: Lecaan v. Kirkman, 6 Jur., N. S., 17. It must be presumed that the plaintiff was' familiar with the law merchant, and knew that this irregular indorsement implied no liability. The conclusion is therefore inevitable that it was discounted on the strength of the payees' indorsement alone. Any other principle would lead to uncertainty in the law of negotiable instruments.

*Mr. E. Hunn Hanson,* for the appellee:

1. It is assumed by the defendant that his indorsement is of like character with that passed upon in Schafer v. Bank, 59 Pa. 144, and the cases which have followed it. But the contrary is the fact. About forty-four years ago there were conflicting decisions in England upon the question whether a note to the order of the maker was negotiable under the statute 3 & 4 Anne, cap. 9; Flight v. Maclean, 16 M. & W. 51; Wood v. Mytton, 59 E. C. L. 805. But it is now settled that such a note, when indorsed by the payee, becomes a note payable to bearer, and is then governed by the law applicable to negotiable instruments: Hooper v. Williams, 2 Exch. 13; Guy v. Lauder and Brown v. DeWinton, 60 E. C. L. 336; Miller v. Weeks, 22 Pa. 89. The paper signed by Jones & Eaton required their indorsement before it had any effect at all. When so indorsed it was simply a promissory note payable to bearer, and upon its becoming that, Dreydoppel's previous signature became a legal indorsement.

2. The reason for the decision in Schafer v. Bank, and other cases, that an indorsement made by a stranger to a note, before it has been indorsed by the payee, does not bind him under the law merchant, unless the payee assumes the position of first indorser, is, that his presumed intent is to secure to himself a

right of action against the payee in the event of being called on himself to pay the note; and, to deprive him of this, by placing the indorsement of the payee second to his, would be in the nature of a fraud. But, as Jones & Eaton were the makers of this note, Dreydoppel has a perfect right of action against them, and his rights as a party to the paper were not diminished by their signing below his signature, and would not have been increased had they signed above it, whether they are to be sued in the character of indorsers, or in that of makers, being a matter of indifference to him, as in either case the recovery will be the same.

3. The affidavit avers that the indorsement was made in Philadelphia, and therefore the defendant's liability is to be determined by Pennsylvania law: Lennig v. Ralston, 23 Pa. 137. But were it to be determined by the law of Massachusetts, where the note was made, he could not escape liability, but would be held a joint and several promisor with Jones & Eaton: Union Bank v. Eaton, 8 Metc. 504. The case of Stoddard v. Penniman, 108 Mass. 366, cited for the appellant, was decided on the ground of an unauthorized alteration. The allegation in the defendant's affidavit that he believed the bank was in collusion with Jones & Eaton and had brought suit on the note for their benefit, was insufficient, without a further statement of the facts upon which the belief was grounded, so that the court might judge whether the belief was warranted or not. The very least that the affidavit of defence should have set forth in support of the alleged belief, would be a denial of the fact, averred in the statement of claim, that the bank had discounted the note.

OPINION, Mr. CHIEF JUSTICE PAXSON:

The promissory note in controversy was made by Jones & Eaton, payable to their own order as payees. It was indorsed by William Dreydoppel, the defendant, and subsequently by the payees. This constituted what is known as an irregular indorsement; and the defendant claims that by reason thereof he is not liable to the plaintiff, who is the holder. The responsibility of such an indorser, however much it may have been doubted at one time, is now well understood. "Nobody ever doubted," said Justice SHARSWOOD in Eilbert v. Finkbeiner,

68 Pa. 247, " that, when a man puts his name on the back of negotiable paper before the payee has indorsed it, he means to pledge, in some shape, his responsibility for the payment of it. . . . . This court finally settled that in the absence of legal evidence of any different contract, he assumes the position of a second indorser; and that, to render his engagement binding as to any holder of the note, the implied condition that the payee shall indorse before him must be complied with, so as to give him recourse against such payee ; " citing Schafer v. F. & M. Bank, 59 Pa. 144. It will be seen that the reason of the rule, laid down in the line of cases of which those cited form a part, is that, unless the payee is the first indorser, there can be no recourse against him. In the case in hand the reason of the rule does not apply, because the payees are also the makers of the note; hence the defendant, although entitled to the position of second indorser, is deprived of no valuable rights, as he can sue the payees as makers of the note. Their responsibility to him is precisely the same as if they had indorsed the note as payees before he placed his indorsement upon it. We are of opinion that the defence set up in the affidavit is insufficient, and that the judgment was properly entered.

Judgment affirmed.