The Colonial Trust Co., Appellant, *v.* Morse et al.

Argued October 16, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*A. L. Shapiro,* and with him *Harry Shapiro,* for appellant.

*Frank A. Harrigan,* for appellee.

OPINION BY LINN, J., December 12, 1929:

This suit is on a non-negotiable instrument in the following form as set forth in the statement of claim:

"$2,000.00                    Phila., Pa., Dec. 22, 1924.

On Demand after date I promise to pay to the order of The Colonial Trust Co. Two Thousand & 00/100 Dollars without defalcation, value received, with interest.

And further I do hereby empower any Attorney of any Court of Record within the United States or elsewhere to appear for me and after one or more declarations filed, confess judgment against me as of any term for the above sum within costs of suit and Attorney's commission of 10 per cent for collection and release of all errors, and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to and the exemption of personal property from levy and sale on any execution hereon, is also hereby expressly waived, and no benefit of exemption be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

Witness my hand and seal.

25953                    Leonard A. Fay (Seal)
                         Endorsements:
                         Dr. Frank M. Morse
                         c/o Merchants Publicity Bureau
                         J. H. Lorimer
                         Lawrence and Ontario Sts.
                         Leonard A. Fay
                         302 Peoples Tr. Bldg."

The plaintiff is the payee; the defendant is J. H. Lorimer who wrote his name on the back of the note. The court discharged the rule for judgment for want of a sufficient affidavit of defense on the ground that it raised an issue of fact for a jury.

The statement of claim is insufficient to support a judgment for the plaintiff because it shows that the statute of frauds is a bar to the action. The statement avers that the defendant "orally agreed with the plaintiff" to "guarantee the payment" of the loan to be made by plaintiff to Fay, the maker of the note, and that accordingly defendant "endorsed" the note before delivery and that plaintiff made the loan to the maker; that on June 30, 1926, payment was demanded of the maker and refused and that the refusal was followed by demand on defendant.

As plaintiff concedes that the instrument, payable on demand after date, with authority to enter judgment before demand and maturity, is non-negotiable (Bank v. Beaver, 25 Pa. Superior Ct. 494; Hoverter v. Consedine, 82 Ibid 294), the negotiable instruments law (1901, P. L. 194) does not define defendant's obligation as evidenced by the so-called anomalous endorsement. When we turn to the statement of claim for the alleged right of recovery we find an averment of an oral guaranty—a collateral contract—with no evidence in writing concerning it except defendant's signature on the back of the note. It has long been established that the statute of frauds prevents recovery in such case: Schafer v. Bank, 59 Pa. 144; Temple v. Baker, 125 Pa. 634; Alldred's Estate, 229 Pa. 627; Nugent v. Wolfe, 111 Pa. 471, 480. This conclusion makes unnecessary any reference to the affidavit of defendant further than to say that the defect in the statement is not supplied by it.

Judgment affirmed.