Reardon's Estate.

Argued March 15, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles P. Walter*, of *Hazlett, Gannon & Walter*, for appellant.—The mere fact that the partnership was reorganized as a corporation with the same parties, and that the corporation and the stockholders gave new notes, did not operate as a discharge of the original personal obligations of the partners; and the liability of Mr. Reardon is not dependent on his endorsement of the notes: Mechanics Nat. Bank v. Kielkopf, 22 Pa. Superior Ct. 128; McLaughlin v. Blake, 46 Pa. Superior Ct. 274.

Extension of time of payment of a note is a valid consideration for a guaranty of payment of the note: Lincoln Bank of Erie v. Grocery Co., 286 Pa. 422; Goodling v. Simon, 54 Pa. Superior Ct. 125.

Mrs. Reardon received from her husband's estate the entire balance for distribution, amounting to over $5,000, and, if the claim of appellant had been presented against that estate, she would have received nothing

whatever. It is apparent, therefore, that there was a valuable consideration for this agreement amounting to over $5,000.

The law does not require that the consideration for a contract shall be equal to or more valuable than the obligation assumed or the property transfer for such consideration; for contracts have been sustained when based upon a good consideration where the subsequent development showed a tremendous loss.

The principle is well established that when the promisor receives property which is charged with the payment of an obligation, and, in consideration of the receipt of such property, agrees to pay the obligation, the agreement is not to answer for the debt of another, but substantially an agreement to apply property received by the promisor to the payment of obligations which the law has already charged against such property: Goodlin v. Simon, 54 Pa. Superior Ct. 125.

*Wm. E. Hague,* for appellee.—The mere endorsement on the bank of a nonnegotiable judgment note is not sufficient to charge the person signing his name thereon: Miners State Bank v. Auksztokalnis, 283 Pa. 18; Wilson v. Martin, 74 Pa. 159.

OPINION BY MR. JUSTICE DREW, April 18, 1932:

Mary E. Reardon, widow of Daniel H. Reardon, died February 3, 1929, testate, and without issue. The Tarentum Savings & Trust Company, executor, filed its account, claiming credit, among other things, for payment of $9,016.84 upon a note to Peoples National Bank of Tarentum, the appellant. The guardian ad litem appointed for the minor legatees under the will objected to this credit, and, after hearing, the learned court below disallowed it and surcharged the executor with the amount. From this decree Peoples National Bank of Tarentum appealed, assigning the disallowance of the credit as error.

The note in question was a judgment note for $10,000, made by the R. C. & K. Beverage Company, by S. B. Cunningham, secretary and treasurer. It is dated February 25, 1928, payable four months after date, and endorsed by D. H. Reardon, S. B. Cunningham and A. E. Kelley, directors and owners of all the stock of the company. The note matured June 25, 1928, and was not protested, nor was any notice of dishonor given to the endorsers. Interest on the note was paid by the company, which is a corporation formed in 1926 in succession to a partnership composed of the same parties. The company is still doing business. Daniel H. Reardon, one of the endorsers, died April 9, 1928, which was before the maturity of the note. His widow was executrix and sole legatee under his will, and received an estate valued at a sum slightly in excess of $5,000. The Peoples National Bank also held a collateral note of Mr. Reardon for $3,000, which became due August 3, 1928. At that time Mrs. Reardon called at the bank and gave her note to take its place, pledging as security certain shares of stock, and she then agreed to take her husband's place on the $10,000 note of the company—of which she had been, after Mr. Reardon's death, elected a director—in consideration of the bank's not presenting the note as a claim against his estate, but by some oversight she did not endorse it. Her note for $3,000 has been paid by her executor, and the shares of stock pledged as collateral surrendered to it.

On or about September 7, 1928, the Tarentum Savings & Trust Company took a first mortgage and judgment bond from the R. C. & K. Company for $20,000, covering its real estate and plant, and executed a declaration that this bond and mortgage were taken to secure the $10,000 note held by the Peoples National Bank, and also two other notes of the company, for $1,200 and $8,500, held by itself, and for which renewal notes had been given endorsed by Cunningham, Kelley and Mrs. Reardon as sureties. No action has been taken by the mortgagee,

which is also the executor of Mrs. Reardon's estate and the present accountant, on the bond or mortgage, although no interest on the mortgage debt has been paid by the mortgagor, R. C. & K. Company. Instead, the Tarentum Savings & Trust Company, as executor, paid all these obligations of the R. C. & K. Company out of Mrs. Reardon's estate, and claimed credit therefor in its account. The court below disallowed these credits and no appeal has been taken from the disallowance of the two notes aggregating $9,700, this appeal having been taken solely from the disallowance of the payment made on the $10,000 note to the Peoples National Bank, on September 25, 1930, at which time the executor required a refunding receipt. This payment was made almost two months after the filing of the executor's account.

Appellant contends that the estate of decedent's husband was liable on the note, that she promised to pay it and there was sufficient consideration for her undertaking; that, although parol, her contract to pay the debt of another was binding upon her, being removed from the operation of the statute of frauds (Act of April 26, 1855, P. L. 308), because it was made in her own interest, and, since she was the sole beneficiary under her husband's will, if appellant's claim had been presented and allowed as a debt against his estate she would not have received anything.

The learned court below decided that the estate of Mrs. Reardon was not liable for three reasons, (a) that the estate of her husband was not liable, (b) that there was no consideration for her promise to assume such obligation, and (c) that her agreement, if any, was void under the statute of frauds.

This note contained a power of attorney to confess judgment at any time, and was therefore nonnegotiable: Volk v. Shoemaker, 229 Pa. 407, 410; Miners State Bank v. Auksztokalnis, 283 Pa. 18; Lincoln Bank of Erie v. Gem City Wholesale Grocery Co., 286 Pa. 421. Upon the back of the note appear only the signatures of

the three endorsers, and it is well settled, under our decisions, that the endorser of a nonnegotiable note is not liable thereon in the absence of a promise in writing to pay the debt of the maker: Miners State Bank v. Auksztokalnis, supra; Continental Guaranty Corp. v. Hughes, 81 Pa. Superior Ct. 264. There was no such agreement by Reardon. The signature itself, standing alone, is not sufficient evidence of such contract to satisfy the statute of frauds: Schafer v. Bank, 59 Pa. 144; Wilson v. Martin, 74 Pa. 159; Temple v. Baker, 125 Pa. 634; Colonial Trust Co. v. Morse, 97 Pa. Superior Ct. 499. In Wilson v. Martin, where a testator had endorsed a nonnegotiable note and an attempt was made to hold his estate, this court said, "The endorsement in blank of a note not negotiable is not such written evidence of a promise to pay as the statute requires: Jack v. Morrison, 48 Pa. 113; nor can it be construed into a parol contract of guaranty: Id. The case of Schafer v. Farmers' & Mechanics' Bank, 59 Pa. 144, was twice argued, and the court unanimously held, that an endorsement is not such a note in writing as is required by the aforesaid statute [Act of April 26, 1855, P. L. 308], and that proof of a collateral liability for the debt of the maker, different from that which the endorsement imports, cannot be made by parol." It is therefore clear that Reardon's endorsement alone did not make him liable upon this note.

But appellant insists, on the alleged authority of Lincoln Bank of Erie v. Gem City Wholesale Grocery Co., supra, and Goodling v. Simon, 54 Pa. Superior Ct. 125, that Reardon was liable, because, as a director and stockholder of the company, there was sufficient consideration for a promise by him to pay its obligation, and since such contract would serve his own interest it was not within the statute and need not be in writing. The cases cited as authority are not in point, because there those charged with liability were sureties who had bound themselves to pay the corporate obligation, whereas, in the case at bar, there is no contract of guaranty or sure-

tyship, but merely an endorsement, which cannot be construed into a parol contract of guaranty (Wilson v. Martin, supra). In the Lincoln Bank Case, this court said, "It was to their interest to keep the company going by securing an extension of credit, which they did by guaranteeing payment of the note." There is not the slightest evidence of any guaranty in this case, and, in its absence, we cannot declare the existence of a contract by Reardon to pay the debt of the maker.

Appellant also contends that Reardon was liable upon the note because it was a renewal of an obligation incurred by the partnership of which he was a member before its incorporation in 1926. The answer to this contention is that there is not a word in the record to support it. The note was made February 25, 1928, long after the incorporation of the company, and there is no testimony that it was given to replace or renew any prior indebtedness; so far as is shown by the record it was an original undertaking.

The appellant further contends that because Mrs. Reardon was after her husband's death a director and stockholder of the company there was sufficient consideration for her promise to pay its note. This argument is the same as that made to establish Reardon's liability, and it must fall for the same reason. The decedent's only promise was to endorse the note and take her husband's place thereon; there is no evidence to support appellant's argument that her agreement was to pay this debt of the company. Even if the endorsement had been made, it could not be given effect as a parol contract of guaranty. As her agreement was to assume her husband's liability on the note, and since he was not liable to pay it, her assumption of liability could have no effect. There is no force in appellant's contention that she conceded her husband's liability; and that it is now too late for her estate to raise the question. Her action in making the agreement was as fully consonant with a desire to assume whatever liability he may have had on the note

as with an admission that it constituted a valid debt of his estate.

The action of the court below in surcharging accountant with the amount paid on the note was correct.

Decree affirmed, at the costs of appellant.