# Hagey *versus* Hill.

1. The holder of a note agreed in writing with the drawers upon a consideration, to give them time, with the proviso, "that no delay of demand shall interfere with any claim I may have upon the endorsers of the said note." *Held*, that endorsers were not discharged.

2. If time be given or any act be done by the holder which prejudices the right of the endorser to his action against the drawer or subrogation to the rights of the holder, the endorser will be discharged.

3. A discharge of the debtor by the creditor will not discharge the surety, if there be an agreement between the creditor and debtor that the surety shall not be discharged.

4. The reservation must appear on the agreement; it cannot be shown by parol evidence.

5. The endorser not being a party to the agreement, he could pay the note and sue the drawer.

6. The extension of time to the drawer so that the rights of the endorser are preserved will not discharge him.

7. Manufacturers' Bank *v.* Bank of Pennsylvania, 7 W. & S. 335, distinguished.

[Hagey *v.* Hill.]

January 12th 1874.  Before AGNEW, C. J., MERCUR and GORDON, JJ.  SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 216, to January Term 1872.

This was an action of assumpsit, brought, November 26th 1870, by George W. Hill against John Hagey as endorser of the following note:

"$10,000.  Philadelphia, November 4th 1867.

"Eight months after date we promise to pay to order of John Hagey, Ten Thousand Dollars, without defalcation, for value received.  E. MATLACK & SON."

(Endorsed) "JOHN HAGEY."

On the trial, October 26th 1871, before Hare, P. J., the plaintiff gave the note in evidence and rested.

The defendant then gave in evidence this receipt:—

"Received, July 30th 1868, of E. Matlack & Son, a policy of insurance in my favor, dated this day, issued by the American Life Insurance Company, on the life of Ellwood Matlack, for the sum of ten thousand dollars.  In consideration of which I hereby agree never to prosecute or demand payment of a certain promissory note drawn by E. Matlack & Son, endorsed by John Hagey, and also guaranteed by J. E. Lewars, due and protested July 7th 1868, for the sum of ten thousand dollars; provided, however, that the premium on the said policy of insurance is promptly paid by the said Matlack, or others.  And provided further, that the interest on said sum of ten thousand dollars is promptly paid to me, or my order, whenever the same becomes due.  The first year's interest to be paid before the first day of May 1869, and the second year on or before July 7th 1870, and annually thereafter.  Provided further, that no delay of demand shall interfere with any claim I may have upon the endorsers of said note.  This agreement void if not complied with as above.

"GEORGE W. HILL. [SEAL.]"

E. Matlack, one of the drawers of the note, testified that he had paid one year's interest on the note, and the premium for one year on the policy of insurance.

There was evidence also that the cashier of a bank where the note was whilst plaintiff was absent in Europe, took, with the consent of defendant, a deed from Matlack for some land, and agreed to release all claim against the drawer's stock of goods, &c., and that the plaintiff refused to ratify the arrangement, and it was rescinded without the consent of the defendant.

The defendant requested the court to charge the jury:—

1. That as the payment of the premium on the policy of insurance, by the makers of the note, disabled the holder of the note

[Hagey *v.* Hill.]

from suing thereon for one year, the endorser was discharged, unless the jury believe the endorser consented to the same.

2. That unless the endorser was informed of the delivery of the policy to the plaintiff, it was his (the plaintiff's) duty to inform the defendant of any default made in the payment of the premium, and his failure so to do discharged the defendant.

3. That if the jury believe that the holder of the note released the security held by him, by reason of the conveyance of April 15th 1868, without the consent of the endorser, then the defendant was discharged.

The court refused the request and instructed the jury to find for the plaintiff.

The verdict was for the plaintiff for $11,350.

The defendant took a writ and assigned for error the refusal of his points and the instruction of the court.

*D. W. Sellers*, for plaintiff in error, cited King *v.* Baldwin, Pain *v.* Fackard, 2 Am. Leading Cases 315 *et seq.;* Mechanics' Bank *v.* Bank of Pennsylvania, 7 W. & S. 335.

*H. T. King*, for defendant in error.—The paper of July 30th 1868, expressly saves and reserves the rights of the holder against the endorser, and therefore does not discharge him: Story on Prom. Notes 416, and cases cited in note; Byles on Bills 197 ; Ex parte Carstairs, 1 Buck B. C. 560; Ex parte Glendenning, Id. 517; Richard Burke's Case, cited in English *v.* Darby, 2 Bos. & P. 61; Ex parte Gifford, 6 Vesey 805; Boultbee *v.* Stubbs, 18 Id. 20; Smith *v.* Winter, 4 M. & W. 454; Kearsley *v.* Cole, 16 M. & W. 127.

The opinion of the court was delivered, February 19th 1874, by

Mercur, J.—This suit was against the endorser of a promissory note. The first assignment of error raises the question as to whether he was discharged by reason of an agreement between the holder and the maker, after the note became due, extending the time of payment. It is a well-recognised rule that an extension of time by a valid agreement between the creditor and the principal, will, as a general rule, discharge the endorser. The reasons therefor are these : The liability of the endorser to the holder is secondary and contingent. On his paying the note, he has a right of action against the principal, or of subrogation to the rights of the creditor. Hence, if time has been given, or an act has been done by the creditor which prejudices these equities in the endorser, he will be discharged.

It has, however, been repeatedly held in England and in this country, that a discharge by the creditor of the principal debtor will not

[Hagey v. Hill.]

discharge the surety, if there be an agreement between the creditor and the principal that the surety shall not be thereby discharged: Byles on Bills 316; Ex parte Glendenning, 1 Buck B. C. 517; Ex parte Carstairs, Id. 560; Ex parte Gifford, 6 Vesey, Jr., 805; Boultbee v. Stubbs, 18 Vesey, Jr., 20; Nichols et al. v. Norris, 3 Barn. & Ad. 41 (23 E. C. L. R.); Kearsley v. Cole, 16 Mees. & Wels. 127; Boaler et al. v. Mayor et al., 19 Com. B. N. S. 70 (115 E. C. L. R.). It was said, however, by Lord Chancellor Eldon, in Ex parte Glendenning, vide supra, "Ever since Mr. Richard Buck's case, the law has been clearly settled, and is now perfectly understood, that unless the creditor reserves his remedies, he discharges the surety by compounding with the principal, and the reservation must be upon the face of the instrument by which the parties make the compromise; for evidence cannot be admitted to vary or explain the effect of the instrument." It was held in Wyke v. Rogers, 1 De G., Mac. & G. 408, that parol evidence might be given to show that an agreement, which would by itself operate to release the surety, was not to have that effect.

The ground upon which an agreement to give time to the maker, made by the holder without the consent of the endorsers, upon a valid consideration, is held to be a discharge of the endorsers, is solely this, that the holder thereby impliedly stipulates not to pursue the endorsers, or to seek satisfaction from them in the intermediate period. It can never apply to any case where a contrary stipulation exists between the parties. Hence, if the agreement for delay expressly saves and reserves the rights of the holder in the intermediate time against the endorsers, it will not discharge the latter. In such case the very ground of the objection is removed, for their rights are not postponed against the maker, if they should take up the note: Story on Prom. Notes, sect. 416. The same rule is recognised in Viele v. Hoag, 24 Vt. 46; Morse v. Huntington, 40 Id. 488; Clagett et al. v. Salmon, 5 Gill & Johns. 315. The whole course of Chancellor Walworth's reasoning in Bangs v. Strong, 10 Paige's Chan. Rep. 11, leads to the same result.

The endorser was not a party to the contract between the holder and the maker. He was not thereby precluded from paying the note at any moment. Having paid it he would have had an immediate right of action against the maker. None of his rights were in the slightest degree impaired.

Neither the search of counsel nor our own examination has resulted in finding that the precise point has ever been decided by this court. When not in conflict with our own precedents, it is desirable that we conform to what seems to be the general rule of the commercial world. The case of Manufacturers' Bank v. Bank of Pennsylvania, 7 W. & S. 335, has been cited in opposition to this rule. Such is not the case. The point there decided is

25 P. F. SMITH—8

[Hagey *v.* Hill.]

merely that an endorser may be discharged by the holder giving time to the maker, after judgment has been obtained against him; that .the creditor must no more impair the rights of the endorser after he has obtained judgment against the maker than before.

The written instrument executed by the plaintiff below, by which he agreed with the maker to extend the time of payment, expressly declares, " *Provided further*, That no delay of demand shall interfere with any claim I may have upon the endorsers of said note." The case is thus clearly brought within the rule, and we hold that the extension of time to the maker in a manner which preserved all the rights of the endorser, did not discharge the latter.

The second and third assignments have no merit. The acceptance of the conveyance of land, in the absence of the plaintiff below, by one acting without authority, and so known by the defendant below, and repudiated by the holder of the note, cannot prejudice his rights against the endorser.

The learned judge was correct in instructing the jury to find in favor of the plaintiff below.

Judgment affirmed.