## ⸿ Snevily *against* Johnston.

A note with its blank endorsements and guaranties, in the absence of proof to the contrary, forms an entire transaction; hence, in an action upon a guaranty endorsed upon a negotiable note, it is not necessary to prove any other consideration for it, than what appears upon the paper.

ERROR to the Common Pleas of *Dauphin* county.

John Johnston, for the use of Jacob Rehum, against John Snevily. Appeal from the judgment of a justice.

Plaintiff stated that he sued to recover the sum of $93.05, due on a promissory note, drawn by Mentor Perdue, dated December 21st, 1838; whereby said Perdue promised to pay to the order of John Johnston, sixty days after date, the sum of $93.05, which said note, the said John Snevily endorsed and guaranteed the payment of to said John Johnston, by his written agreement, made the day and year aforesaid, in the following words, viz.: "I guarantee the within note to John Johnston. (Signed) JOHN SNEVILY." That on the day said note fell due, a demand was made for payment on Mr Perdue, the drawer, who refused to pay, and notice thereof was, on the same day, given to said John Snevily, and the note was then duly protested; of which notice was also given to said Snevily. In consideration thereof, he, the said Snevily, then and there became liable to pay the amount of said note, when he should be thereunto afterwards required. Wherefore the said John Snevily became liable to pay the said sum of $93.05, with interest from 22d of February 1839, and costs of protest, $1.37½.

Plaintiff gave in evidence the note and endorsement:

"$93 $\frac{5}{100}$              *Mount Holly Furnace, Dec.* 21*st*, 1838.

Sixty days after date I promise to pay to the order of John Johnston, ninety-three dollars and $\frac{5}{100}$, without defalcation, for value received.              (Signed)              MENTOR PERDUE."

(Endorsed on back,)

"I guarantee the within note to John Johnston.

(Signed)              JOHN SNEVILY."

(Further endorsed,)              "JOHN JOHNSTON."

Protested at Carlisle, and demand made, 22d of February 1839.

John M. Woodburn sworn. I knew Mentor Perdue, at Mount Holly Iron Works, Cumberland county, in 1837 and 1838. In the latter part of the year 1838, his property was sold out by

the sheriff of Cumberland county. I understood him to be insolvent. He went from there to Lancaster county. He carried on Mount Holly Iron Works. He was insolvent in January 1839. I do not know where he was after he left Cumberland county. I understood him to have a great many debts. He left Cumberland in the winter of 1838 or '9; I do not know that he had left before February.

The court was requested to charge the jury on the following points:

1. That said defendant not being a *party* to the note, it was therefore necessary and material to plaintiff's right of recovery to *aver* and *prove* a consideration for his said guaranty.

2. That the said defendant not being a party to the said note, and being merely a *guarantor*, it was incumbent on the plaintiff to resort for recovery of the amount thereof, in the *first place*, and before proceeding against said defendant, to the drawer of it, or else to aver and prove, and at all events to *prove* the *insolvency* of said drawer, at the time said note fell due, as an excuse and reason for not proceeding against him.

3. That the contract of guaranty made by defendant, on which this suit is founded, was specially limited to John Johnston, with whom it was made, and cannot be enforced in favour of Johnston's assignee, the present plaintiff.

4. The statement does not contain the sufficient and necessary averments of a consideration to the defendant for his undertaking, and of the insolvency of the drawer of the note.

PARSONS, President. — 1. The court answer the first point in the negative, and say that the law is not therein correctly stated; that by the guaranty being made in writing, on the part of the defendant, to pay to the plaintiff the amount of the note, it is a new undertaking; a consideration is presumed sufficient to authorize the plaintiff to recover; the act of thus writing a guaranty, imports a consideration, and casts the burden of proof on the defendant, to show a want of consideration; this objection cannot so far prevail as to defeat the plaintiff's right to recover, under the facts now disclosed in the cause.

2. In answer to the second point thus submitted, the court instruct the jury, if they *believe* that Perdue was insolvent in February of 1839, and also when this suit was brought, this objection cannot prevail; and the plaintiff can recover if the maker was insolvent and unable to pay the note.

3. To the third point the court say that this action is now brought in the name of Johnston, for the use of Rehum; and the court refuse to give the direction prayed for.

4. In answer to the fourth point thus submitted, the court say that the statement or narr. is sufficient to authorize the plaintiff to recover, as the case is now presented, and under the plead-

[Snevily v. Johnston.]

ings, if the jury should find the facts in his favour, and therefore refuse to answer this point in favour of the defendant.

The counsel for the defendant excepted to the charge of the court.

Assignment of errors:

1. The court erred in their answers to defendant's points.
2. In not arresting the judgment.

*Rawn*, for plaintiff in error. It is neither averred nor proved that there was any consideration for the guaranty. It does not of itself import a consideration, so as to cast upon the defendant the burthen of proving a negative. The defendant was not a party to the note, but a stranger to it and its consideration; which is a different case entirely from that where the guaranty is by a party to the instrument. 2 *Watts* 128; 4 *Watts* 448; 2 *Halst.* 116; 3 *Penn. Rep.* 282; 9 *Watts* 433; 2 *Stark. Ev.* 370; 1 *Ohio* 498; 9 *Leigh* 153; 6 *Leigh* 97; 3 *Kent's Com.* 85; 4 *Watts* 433.

*M'Cormick, contra.* The plaintiff's statement sets out the note and guaranty to be of the same date; to be one transaction, and to have been given, in the language of the instrument itself, "for value received." This statement is also in accordance with the legal presumption, in the absence of proof, that all was the same transaction, done at the same time. 8 *Johns.* 29; 9 *Watts* 433; 3 *Kent's Com.* 122; 11 *Johns.* 221; 13 *Johns.* 175; 5 *Mass.* 545; 11 *Mass.* 436. The same strictness is not required in a statement as in a declaration. 6 *Serg. & Rawle* 53.

The opinion of the Court was delivered by

Rogers, J.—It would be useless to discuss the errors which have been filed, as there is one principle which is decisive of this case. Where the guaranty or promise, though collateral to the principal contract, is made at the same time with the principal contract, and becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and the consideration extends and sustains the promise of the principal debtor, and also of the guarantor. No other consideration need be shown, than that for the original agreement upon which the whole debt rested. This principle was first decided in *Leonard* v. *Vredenburgh*, (8 *Johns.* 29); since recognized in 11 *Johns.* 221, 13 *Johns.* 175; and by Justice Story, in *D'Wolf* v. *Rabaud*, (1 *Peters's Rep.* 501.) The only difficulty is to show that the guaranty was made at the same time with the principal contract. The note is given by Perdue, and made payable to the order of Johnston. On the back of the note is written, "I guarantee the within note to John Johnston"; this is signed by John Snevily. The note is also endorsed by John Johnston. In

the want of all direct proof of the consideration paid to Snevily, it is difficult to understand the transaction, except on the supposition that it was an entire contract : and that Snevily, for some reason which has not been explained, as between him and Perdue and Johnston, undertook to guarantee the payment of the note. There is no date to the guaranty; the writing, therefore, imported on the face of it, (as in *Leonard* v. *Vredenburgh*) an original and entire transaction; for a guaranty of a contract implies, *ex vi termini,* that it was a concurrent act, and part of the original agreement.

Judgment affirmed.