## Shaffstall *v.* McDaniel, Appellant.

[Marked to be reported.]

*Agreement of suretyship—Indorsement of non-negotiable paper—Effect thereof—Parol evidence to explain.*

The payee of non-negotiable paper does not become an indorser by writing his name on the back of it. But proof may be made of the actual agreement under which the indorsement was made. If the agreement was that he should be responsible for its payment, such agreement, if for a sufficient consideration, may be enforced.

*Extension of time—Delay in enforcing note.*

Where there is no binding contract for an extension of time with the maker of the note but only a delay of a few days voluntarily granted, a surety upon the note will not be discharged. To accomplish such result the delay must be in pursuance of a valid agreement to extend the time of payment. The same rule applies to a guarantee.

Argued Oct. 4, 1892. Appeal, No. 231, Oct. T., 1891, by defendant, John H. McDaniel, from judgment of C. P. Venango Co., on verdict for plaintiff, W. P. Shaffstall. Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on agreement of suretyship.

On the trial before TAYLOR, P. J., it appeared that defendant had indorsed a judgment note under seal of which he was the payee and over his indorsement was written, it did not clearly appear by whose direction, the following: " I

guarantee the within note's payment." The other facts appear in the opinion of the Supreme Court.

Defendant's points were, among others, as follows:

" 1. That under the law and the evidence the verdict of the jury should be for the defendant. *Answer:* We submit that question to you." [1]

" 2. If the jury believe the evidence, that Frazier, who held the note when due, extended the time of payment thereon ten days, and, during the said ten days, Deming, the maker of the note, so disposed of his property that nothing could be collected from him by process of law, McDaniel was thereby relieved from any contract he may have entered into guaranteeing or securing the payment of said note. *Answer:* That is true if you find it was a contract simply of guaranty, as expressed on the back of that note. But if you find it a contract of suretyship, it would make no difference whether he gave him time or not. He would be liable at all events." [2]

" 3. If the jury believe the evidence that when the note in question fell due, and for sometime thereafter, Deming, the maker, had property which could have been seized and sold in satisfaction of a judgment entered thereon, and that no attempt was made to collect said note from him, either then or at any time thereafter, their verdict should be for the defendant. *Answer:* That is affirmed if you find that the contract was, as expressed on the back of this note, of guaranty." [3]

Plaintiff's points were as follows:

" 1. If the defendant guaranteed to plaintiff that if the note in evidence was not paid when due he would pay it himself, this was a contract of suretyship and not of guaranty, and plaintiff could proceed at once against defendant, as soon as the note became due and unpaid, without regard to the solvency or insolvency of Deming. *Answer:* That is true. There is a good deal of difference between a man guaranteeing the payment of a note and guaranteeing the payment of a note when due. This is affirmed with that qualification." [4]

" 2. That an extension of time by a creditor to release a surety must be upon a consideration, and one that can be enforced against the creditor. *Answer:* If the contract was one of suretyship, that is correct." [5]

" 3. That the alleged extension by Frazier, if made at all,

was made after the note was due, and without any consideration, and cannot therefore have the effect of releasing the defendant. *Answer :* That is true. If made afterwards there must be a new consideration for it in order to make it binding." [6]

Verdict and judgment for plaintiff for $139.13; defendant appealed.

*Errors assigned* were (1–6) instructions, quoting them.

*Robert F. Glenn*, for appellant.—The language of defendant's indorsement makes this contract a guaranty: Bank v. Eyer, 58 Pa. 97; Mizner v. Spier, 96 Pa. 533; Ass'n v. Lichtenwalner, 100 Pa. 100; Zahm v. Bank, 103 Pa. 576; Hartman v. Bank, 103 Pa. 581. Diligence must be used against principal before resort to guarantee: Hoffman v. Bechtel, 52 Pa. 190. Parol evidence was inadmissible to vary terms of contract: Martin v. Berens, 67 Pa. 459; Coughenour v. Suhre, 71 Pa. 463; McClure v. R. R., 90 Pa. 269; Rowand v. Finney, 96 Pa. 192; Thorne v. Warfflein, 100 Pa. 519; Smith v. Ins. Co., 103 Pa. 177; Jackson v. Payne, 114 Pa. 67. As there was no allegation of fraud or mistake: Phillips v. Meily, 106 Pa. 536; North v. Williams, 120 Pa. 109; Brawdy v. Brawdy, 7 Pa. 157; Thomas v. Loose, 114 Pa. 35; Miller v. Smith, 33 Pa. 386.

*John O. McCalmont*, with him *S. P. McCalmont* and *Bryan H. Osborn*, for appellee.—The contract was to be gathered from the understanding of the parties: Frevall v. Fitch, 5 Wharton, 325. No writing was necessary: Malone v. Keener, 44 Pa. 107.

It was an original undertaking on defendant's part and his liability was fixed as soon as the note became due and unpaid: McBeth v. Newlin, 15 W. N. 129; Riddle v. Thompson, 104 Pa. 330; Campbell v. Baker, 46 Pa. 243; Koch v. Melhorn, 25 Pa. 89; Roberts v. Riddle, 79 Pa. 468. The evidence was sufficient: Ferguson v. Rafferty, 128 Pa. 337. The evidence of discharge was not sufficient: Brubaker v. Okeson, 36 Pa. 519; Hagey v. Hill, 75 Pa. 108.

OPINION BY MR. JUSTICE WILLIAMS, January 3, 1893:

It is well settled that the payee of a non-negotiable instrument does not become an indorser by writing his name on the

back of such instrument. Such act standing by itself imposes no liability on him whose name is so written : Leech v. Hill, 4 Watts, 448. But proof may be made to show the actual agreement of the parties under which the indorsement of the payee's name was made. If the agreement was that the payee should become responsible for the payment of the note by the maker either as surety or as guarantor, such agreement may be enforced if made upon a sufficient consideration. If, on the other hand, it was a simple undertaking to become liable for the debt of another, the agreement would be void under the statute of frauds : Wilson v. Martin, 74 Pa. 159.

In this case it appears that McDaniel held the note of A. L. Deming for one hundred dollars payable at fifteen months. The note was under seal and contained a confession of judgment with the usual waivers of stay of execution, right of inquisition and exemption. It was a non-negotiable note. McDaniel offered this note to the plaintiff in exchange for a horse, and was told that it would be accepted on condition that he, McDaniel, would agree to become responsible for its payment. This he agreed to do, at the same time writing his name across the back of the note. The horse was then delivered, and the note with McDaniel's name upon the back of it passed into the hands of the plaintiff. Not long after the plaintiff offered the same note to Frasier, in exchange for another horse, who agreed to accept it on the same condition that he had imposed on McDaniel, viz., that the plaintiff would engage to see the note paid. This he did, and wrote his name also on the back of the note, and delivered it to Frasier, who wrote a guaranty of payment over his name. About the same time a similar guaranty was written over the name of McDaniel, but by whose direction this was done does not appear clearly in the testimony.

Deming did not pay the note when it fell due, and Frasier called upon the plaintiff to make good his guaranty. He accordingly paid it and it was returned to him by Frasier. He then called on the defendant for payment in accordance with his agreement, and upon his refusal brought this suit.

Two lines of defence were taken at the trial ; first, that as a contract of guaranty appeared above the defendant's name, he was not liable until the maker had been pursued without success ; and next, that time had been given to the maker by

Frasier during which the maker had become insolvent, in consequence of which the defendant was released from his undertaking whether it was to be liable as a guarantor or a surety. The plaintiff replies that he did not write, and does not sue upon, the guaranty that appears above the defendant's name, but upon the agreement actually made when he accepted the note in payment for his horse, which was a contract of suretyship. The question thus raised was over the terms of the contract under which the plaintiff parted with his horse. This was a question for the jury, which was properly submitted to them, and which they have found for the plaintiff.

The plaintiff was entitled to a verdict, therefore, unless the other line of defence was in the way. But no contract for an extension of the time for payment of the note by the maker was shown. It is not even alleged that any definite time for payment, after the maturity of the note, was agreed upon, or any consideration for an extension paid or promised. The evidence shows that Deming tried to secure the debt by getting some responsible person to become his surety to Frasier therefor, and that pending this effort Frasier waited several days before calling upon the plaintiff to make good his undertaking. He was under no obligation to do so. He could have proceeded against Deming at any time. Mere delay under such circumstances will not discharge a surety. To accomplish such a result the delay must be in pursuance of a valid agreement to extend the time of payment: Henderson v. Ardery, 36 Pa. 449; Boschert v. Brown, 72 Pa. 372. The same rule applies to a guarantor : Campell v. Baker, 46 Pa. 243. The contract for time must be for a definite period, and upon a sufficient consideration, so that the hands of the creditor are tied : Brubaker v. Okeson, 36 Pa. 519; Hagey v. Hill, 75 Pa. 108.

The errors in the answers to the written points were in the defendant's favor and he cannot complain of them. The jury were told that the plaintiff could recover if they found the defendant's contract was that of a surety, unless he had been discharged by a valid contract for further time made with the maker ; but that he could not recover if the defendant was a guarantor, because of the ten days delay while waiting the result of Deming's effort to secure the debt. This was more favorable to the appellant than he had a right to ask.

The same thing must be said of the answer to the defendant's fourth point. The plaintiff might have complained of it, but the defendant cannot. We find nothing on this record that requires us to sustain this appeal, and the judgment is accordingly affirmed.