## Amanda Ritchie, Assignee of J. S. Rhoads, *v.* John B. Walter, Appellant.

*Guaranty—Implied conditions—Due diligence—Contract.*

Where a guaranty is general, without having any of its terms fixed in the writing, the law adds the usual conditions that there shall be due and unsuccessful diligence used by the creditor to collect the claim from the principal unless it appears that all diligence would be hopeless ; but the law adds or implies no such conditions where the parties themselves fixed the terms of the contract.

Defendant by indorsement on a judgment note guaranteed "the payment of the within judgment note and all moneys due and to become due thereon if the same cannot be recovered out of the property purchased of Robert Service's estate by said Howell McNair by deed this day delivered." *Held,* that the guaranty was a special and not a general guaranty, and that plaintiff, by forthwith entering judgment on the note, and thus acquiring a lien on the real estate mentioned in the guaranty, and then keeping that lien continuously alive, did all that in good faith she was bound to do under the special terms of the contract.

Argued Feb. 13, 1895. Appeal, No. 167, July T., 1894, by defendant, from judgment of C. P. Bucks Co., Sept, T., 1891, No. 27, on verdict for plaintiff. Before STERRETT, C. J., MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover on a guaranty. Before YERKES, P. J. At the trial it appeared that on April 16, 1874, Howell E.

McNair purchased a farm from Robert Service and borrowed the money to pay for the same from John S. Rhoads to whom he gave a judgment note. The judgment note was indorsed as follows:

" For a valuable consideration I do hereby guarantee the payment of the within judgment note and all moneys due and to become due thereon if the same cannot be recovered out of the property purchased of Robert Service's estate by said Howell McNair by deed this day delivered.

Witness my hand and seal this sixteenth of April, 1874.

Witness,
J. L. DuBois.                 JOHN B. WALTER. [SEAL.] "

On the same day judgment was entered upon the note, and became a lien upon the land purchased by McNair. The judgment was subsequently revived three times. On March 30, 1880, John S. Rhoads assigned the note to Amanda Ritchie. On April 23, 1891, the land was sold at sheriff's sale.

Plaintiff claimed the sum of $1,051.46 with interest from April 23, 1891, being the amount of the judgment not reached by the proceeds of the sheriff's sale.

The court charged in part as follows:

" Now, then, gentlemen, taking that as the nearest definition and most pointed instruction which can be given you as to what constitutes due diligence, you will inquire from all the facts in this case whether due diligence was used by Miss Ritchie in the collection of her claim, considering the character of the obligation, that it was given as a lien on real estate, and what, from all the circumstances in the case, was in contemplation of the parties when they entered into their respective undertakings, and also what the condition of the maker of the note was, the value of the property guaranteed, for in effect this is a guaranty of the value of the farm bought, and you will determine from all the facts, taking into consideration this declaration of the Supreme Court, whether the plaintiff used due diligence in collecting the money out of the farm of Mr. McNair. If she did, then Mr. Walter is bound by his obligation to pay whatever it fell short of discharging the lien."

Verdict and judgment for plaintiff for $1,239.67. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Hugh B. Eastburn, Geo. Ross & J. F. Long* with him, for appellant, cited: Kramphs's Exrs. v. Hatz, 52 Pa. 525; Miller v. Berkey, 27 Pa. 317; Mizner v. Spier, 96 Pa. 533; National Loan & Building Society v. Lechtenwalner, 100 Pa. 100.

*Henry Lear, Paul H. Applebach,* and *Wm. & J. C. Stuckert* with him, for appellee, cited: Campbell v. Baker, 46 Pa. 243; Leonard v. Wood, 2 Chester Co., 329; Shollenberger's Est., 1 Woodward's Decisions, 316; Follmer v. Dale, 9 Pa. 83; Bashford v. Shaw, 4 Am. Law Reg. 609; Rhett v. Poe, 2 Howard's Rep. 484; Yard's Administrators v. Pancoast, 108 Pa. 384; Burke v. Noble, 48 Pa. 168; Rudy v. Wolf, 16 S. & R. 79; Kramph's Exrx. v. Hatz's Exrs., 52 Pa. 525; Nat. Loan etc. Society v. Lichtenwalner, 100 Pa. 100; Tissue v. Hanna, 158 Pa. 384.

PER CURIAM, March 11, 1895:

As was said in Campbell v. Baker, 46 Pa. 243, "When a guaranty is general, that is, without having any of its terms fixed in the writing, the law adds the usual conditions that there shall be due and unsuccessful diligence used by the creditor to collect the claim from the principal, unless it appears that all diligence would be hopeless. But the law adds or implies no such conditions where the parties themselves fixed the terms of the contract." In this case, the defendant by his contract under seal, indorsed on the judgment note, guarantees "the payment of the within judgment note and all moneys due and to become due thereon if the same cannot be recovered out of the property purchased of Robert Service's estate by said Howell McNair by deed this day delivered." This is a special, not a general guaranty. By forthwith entering judgment on the note and thus acquiring a lien on the real estate mentioned in the guarantee, and then keeping that lien continuously alive, the plaintiff did all that, in good faith, she was bound to do under the terms of the special contract. In view of the terms of the guaranty we think the instructions recited in the assignment of error are substantially correct, and the judgment should not be disturbed.

Judgment affirmed.