# Miners State Bank, Appellant, *v.* Auksztokalnis, Admr. of Michael Rosenberg, Deceased.

*Promissory notes—Judgment note under seal—Suit against endorser—Assignment of note—Affidavit of defense — Admission—Acts of May 28, 1715, 1 Sm. L. 90, and July 24, 1913, P. L. 971—Suretyship—Guaranty.*

1. In an action by the payee of a judgment note under seal against an executor of an endorser, where it appears that deceased had signed with others on the back of the note what purported to be, inter alia, an assignment of the note to the payee, and the affidavit of defense admits in effect that plaintiff sued as payee and holder, and not as assignee, and fails to state that deceased had an assignable interest, defendant cannot claim that deceased had an assignable interest and that plaintiff therefore sued as an assignee.

2. In such case the Act of May 28, 1715, 1 Sm. L. 90, providing how a specialty must be assigned to enable an assignee to sue thereon, has no application.

3. A promissory note containing a warrant of attorney to confess judgment at any time, is a nonnegotiable instrument.

4. While suit cannot be brought on a nonnegotiable note against one who merely endorses his name thereon, suit may be brought if he signs his name to a written endorsement which can be interpreted as imposing upon him a liability by contract to pay the note.

5. Where a secondary obligation or suretyship is entered into at the time of the creation of the principal debt, the payment of the money to the principal debtor is sufficient consideration to support the obligation assumed by the surety.

6. Such rule applies to an endorser on a note, whether he is a surety or a guarantor.

7. Where a note is payable on demand, and an endorser states over his signature that he hereby guarantees payment of the note, the endorsement fixes the liability of the endorser as of the day on

which it is executed, and also creates the liability of suretyship as distinguished from technical guaranty.

8. In such case the Act of July 24, 1913, P. L. 971, applies, and the endorser cannot be treated as though only a general guarantor, in the absence of any words in the endorsement necessary to make the liability assumed other than that of a surety.

9. A guaranty of a note "when due" is broken by nonpayment at maturity.

10. A warranty of payment at a particular time, means payment at that time and not payment after pursuit and insolvency of the principal debtor, even though the word "guarantee" may have been used.

*Contract—Construction—Elimination of words—Judicial construction.*

11. The rule that no portion of a written instrument, except such as may have been inserted by accident or mistake, may be eliminated by judicial construction, does not apply where the portion ignored has no apparent bearing on the obligation in the part sought to be enforced.

*Appeals—Question not considered in lower court.*

12. The appellate court may refuse to consider a question not touched upon in the opinion of the court below nor pressed in argument of counsel.

Argued February 9, 1925. Appeal, No. 87, Jan. T., 1925, by plaintiff, from judgment of C. P. Schuylkill Co., July T., 1923, No. 22, for defendant, on affidavit of defense raising questions of law, in case of Miners State Bank v. Francis Auksztokalnis, Exr. of Michael Rosenberg, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit against endorser on judgment note. Before BECHTEL, P. J.

The note in suit reads as follows:

"5000.00                Minersville, Pa., January 5, 1920.

"On demand after date I promise to pay to the order of Miners State Bank, Minersville, Pa.

"At Miners State Bank, Minersville, Pa.

"Five thousand and...............00 dollars ·
Without Defalcation, For Value Received, With Interest at 5% per annum

"And further do hereby authorize and empower any attorney of any court of record of Pennsylvania or elsewhere to appear and to enter judgment for the above sum, with or without defalcation, with interest, costs of suit, release of errors, and with five per cent ádded for collection fees; and also waive the right of inquisition on any real estate that may be levied upon to collect this note and do hereby voluntarily condemn the same and authorize the prothonotary to enter upon the fi. fa. said voluntary condemnation, and further agree that said estate may be sold on fi. fa. and hereby waive and release all relief from any and all appraisement, stay or exemption laws of any State now in force or hereafter to be passed.

"1355

"Due July 5, 20.

Archbishop Alexander    (Seal)
"(Seal of Church)        Nemolosky        (Seal)"

On the reverse side the following appears:

"For value received I hereby sell, assign, transfer and set over the within note to the Miners State Bank and guarantee payment of the same, and I empower any attorney of any court of record to confess judgment against me for the amount, together with five per cent added for attorney's commission, and hereby waive inquisition, exemption and stay of execution in judgment.

"Witness my hand and seal this 5th day of Jany A. D. 1920.

"Rev. Elias S. Barney    (Seal)
Valentine W. Quigel     (Seal)
Archbishop Alexander
Nemolosky
Mike Rosenberg"

The opinion of the Supreme Court states the facts. Judgment for defendant. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*J. F. Mahoney,* with him *N. C. Watkins,* for appellant.—Appellee's decedent was liable as a surety on the note: Homewood People's Bank v. Hastings, 263 Pa. 260; Iron City Nat. Bank v. Rafferty, 207 Pa. 238; Campbell v. Baker, 46 Pa. 243; Roberts v. Riddle, 79 Pa. 468.

The Act of May 28, 1715, 1 Sm. L. 90, 91, Purd. Dig., 13th ed., 469, does not apply: Faull v. Tinsman, 36 Pa. 108; Kline v. Keiser, 87 Pa. 485; Geisinger's Est., 13 Pa. C. C. R. 88.

The fact that the word "(Seal)" does not appear after the name of appellee's decedent does not relieve him from liability on the note: Bowman v. Robb, 6 Pa. 302; Templeton v. Com., 5 Cent. R. 451; McKinney v. Nolf, 9 Cent. R. 804; Geisinger's Est., 13 Pa. C. C. R. 88; Biery v. Haines, 5 Wharton 563.

*John B. McGurl,* for appellee.—The Act of 1715 applies: Delp v. Pfarr, 20 Pa. Dist. R. 134; Blue Star Nav. Co. v. Emmons C. M. Corp., 276 Pa. 352; Levy v. Levy, 78 Pa. 507; Bunting v. R. R. 81 Pa. 254; Hank v. Zoch, 16 Sch. Leg. R. 84.

Every agreement is to be interpreted and construed with reference to the circumstances under which the parties contract: McMillin v. Titus, 222 Pa. 500; Phila. v. Peters, 18 Pa. Superior Ct. 388.

A word not plainly inserted by accident or mistake is never to be thrown out entirely while there is a plain and natural construction that can be given to it, not manifestly destructive of the general intent of the sentence: Thompson v. Craft, 238 Pa. 125, 136; Vulcanite Paving Co. v. Phila., 239 Pa. 524, 528; Knickerbocker Trust Co. v. Ryan, 227 Pa. 245; Tustin v. Coal & Iron Co., 250 Pa. 425.

The note was dated January 5, 1920, was payable "on demand after date," was "due July 5, 1920," and contained a warrant to confess judgment without restriction as to time. It was therefore nonnegotiable and an en-

dorsement in blank did not bind the endorser: Volk v. Shoemaker, 229 Pa, 407; Park Bank v. Shehab, 63 P. L. J. 608; Wilson v. Martin, 74 Pa. 159; Milton National Bank v. Beaver, 25 Pa. Superior Ct. 494; Continental Guaranty Corp. v. Hughes, 81 Pa. Superior Ct. 264; Shaffstall v. McDaniel, 152 Pa. 598.

Plaintiff's statement does not aver that there was any consideration to appellee's decedent. Nor does it directly aver that the maker of the note received the sum therein mentioned, or any part thereof. Whether the latter omission be important or not, the former is fatal: Paul v. Stackhouse, 38 Pa. 302; Hess's Est., 150 Pa. 346; Meek v. Frantz, 171 Pa. 632; Koons v. Trust Co., 276 Pa. 377.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 16, 1925:

This suit was brought by the Miners State Bank to recover from the estate of Michael Rosenberg, deceased, the balance due on a judgment note for $5,000, made by one Archbishop Alexander Nemolosky, dated January 5, 1920, payable "on demand after date," to the order of plaintiff, containing on its reverse side a writing (hereinafter called "the endorsement") in the form of an assignment of the instrument to the Miners State Bank, a "guarantee" of payment and a warrant to confess judgment, signed by the above-named decedent and others, the endorsers appearing in the following order: Elias S. Barny (Seal), Valentine W. Quigel (Seal), Alexander Nemolosky and Mike Rosenberg (without seals), as more fully shown in the reporter's note accompanying this opinion.

The statement of claim averred that defendant was executor of the estate of Michael Rosenberg, who died February 27, 1923; that "Michael Rosenberg during his lifetime" had "endorsed the said note and guaranteed payment thereof to the Miners' State Bank"; that the note was "payable on demand"; that it had been duly

presented to the maker, who paid only $500 thereon and refused to meet the balance, "though repeatedly requested so to do"; "of all of which premises the said defendant had notice," and, on his refusal to settle, the present action was instituted to collect the amount due, with interest from July 5, 1921, to which date it had been paid.

Defendant filed an affidavit of defense in the nature of a special demurrer, as follows: (1) "The statement of claim bases this action on an alleged endorsement of a promissory note upon which plaintiff is the payee, and of which it is the holder; the endorsement purports to be an assignment or transfer of said note by defendant's decedent and others to the Miners State Bank, the payee and the holder of said note; the statement does not aver that defendant's decedent was a party to said note, holder or owner of it, or the owner of any interest therein which he could assign and transfer; the endorsement was not effective for any purpose and cannot operate to make the estate of defendant's decedent liable for the amount of the note or any part thereof." (2) "The obligation of the endorsers, as disclosed by the statement of claim, was one of guaranty; the statement does not aver that the maker is insolvent, and it shows that the plaintiff did not exercise proper diligence in its efforts to collect the note from the maker; the action therefore cannot be maintained."

The affidavit ends thus: "Wherefore defendant prays judgment if he should make further answer or denial; and prays judgment dismissing plaintiff's statement of claim and sustaining this proceeding in the nature of a demurrer."

The court below entered judgment for defendant, and plaintiff has appealed.

To sustain the judgment, defendant points to the note as an instrument under seal, and to the Act of May 28, 1715, 1 Sm. Laws 90, 1 Purdon's Digest, 13th ed., 469, which provides how a specialty must be assigned to en-

able the assignee to sue thereon in his or its own name; and defendant contends that, a lack of compliance with the act being shown by plaintiff's statement, the suit must fail. This, in short, is the argument to sustain point one of the affidavit of defense.

In reply, plaintiff contends that the Act of 1715 has no application; that it sues, not as assignee but as the original holder and payee of the note, to recover from defendant as an original surety thereon.

As to the capacity in which plaintiff sues, point one of the affidavit of defense, as drawn, admits, in effect, that plaintiff sues as payee and holder and not as assignee; but, despite his own affidavit, defendant argues, "It must be taken as conclusive that appellee's decedent had a title," in the sense of an assignable interest, because the written endorsement on the note contains a transfer of title, and this is equivalent to a warranty of possession of title by each signer of such endorsement; hence, notwithstanding the pleadings to the contrary, defendant contends that it must be assumed plaintiff sued in the capacity of assignee. This contention is not properly before the court, however, for the affidavit of defense not only fails to suggest that the decedent had, or must be presumed to have had (in accord with the present argument), an assignable interest, but, by implication at least, denies it, showing by the very words of point one that defendant understood and accepted the fact that plaintiff claims no such interest. Therefore, on the pleadings, the Act of 1715 falls out of the case.

The note itself contains a warrant of attorney to confess judgment at any time, and this, as admitted by both sides, makes it a nonnegotiable instrument: Volk v. Shoemaker, 229 Pa. 407, 410. Under such circumstances, if the endorsement were merely defendant's decedent's signature, and nothing more, there could be no recovery thereon (Wilson v. Martin, 74 Pa. 159; Shaffstall v. McDaniel, 152 Pa. 598, 600, 601); this is not the case, however, for defendant's decedent did more

than merely endorse a nonnegotiable instrument, he signed what may "be interpreted to mean a liability by contract": Kline v. Keiser, 87 Pa. 485, 486-7.

True, the endorsement says, "I hereby......guarantee payment," and, on these words, defendant, adopting the view of the court below, argues that plaintiff cannot recover because it seeks to enforce a guarantee against decedent's estate without any consideration moving to the latter to assume the obligation. As to this, it may be noted first, that, no such point of demurrer, as absence of consideration, is made in the affidavit of defense; next, in a case like the one before us, where the secondary obligation, or suretyship, is entered into at the time of the creation of the principal debt (and in the present instance, there being nothing to indicate any other time, it must be assumed to have been then entered into: Woods v. Sherman, 71 Pa. 100, 105; Siegel v. Baily, 252 Pa. 231, 233, 235), the payment of the money to the principal debtor is sufficient consideration to support the obligation assumed by the surety. We early said, in Snevily v. Johnston, 1 W. & S. 307, 309, that where the promise to meet the debt of another "is made at the same time with the principal contract, and becomes an essential ground of the credit given to the principal debtor,......no other consideration need be shown than that for the original agreement"; and, later, in Campbell v. Knapp, 15 Pa. 27, 30, we stated: "The guaranty being a part of the [original] transaction, the consideration for it is sufficient to maintain the action." Then, in Paul v. Stackhouse, 38 Pa. 302, 306, we said: "It is not essential that a consideration move to the surety,— it is sufficient if the principal derive a benefit from the promise."

What we have already said disposes of the contention as to lack of consideration to sustain the endorsement, and this is so whether defendant's decedent was a surety or a guarantor; but we have referred to him as a surety because the note at bar is an obligation payable on de-

mand, with a contractual endorsement of a character which, this court has ruled, creates the liability of suretyship, when on a demand note. While there appears at the bottom of the instant note, without any apparent connection with the body thereof, the words, "Due July 5, 20," the words of the instrument itself concerning the due date are such as have been held by us to create an obligation payable on demand; further, the statement of claim avers that the note in suit was "payable on demand," and there is no denial of that fact on the record; so, for present purposes, we must accept this admitted averment as correct. In Homewood Peoples Bank v. Hastings, 263 Pa. 260, 265, the obligation reads, "Payable on demand after date," and there, as here, the endorsement is, "I hereby guarantee payment"; we said, "The note......being payable on demand, became due immediately (Boustead v. Cuyler, 116 Pa. 551), thus fixing the liability of the person guaranteeing payment of the obligation as of the day on which it was executed, and also creating the liability of suretyship as distinguished from technical guaranty." The note in that case, so far as the date of payment and guarantee are concerned, being precisely like the one under discussion, we must here hold, as was there ruled, that the endorsement now before us likewise created "the liability of suretyship as distinguished from technical guaranty": see also Roberts v. Riddle, 79 Pa. 468, 470; Iron City Nat. Bank v. Rafferty, 207 Pa. 238, 239, 240.

Finally, defendant's decedent was a surety because the Act of July 24, 1913, P. L. 971, provides, "That every written agreement hereafter made by one person to answer for the default of another shall subject such person to the liabilities of suretyship, and shall confer upon him the rights incident thereto, unless such agreement shall contain in substance the words: 'This is not intended to be a contract of suretyship,' or unless each portion of such agreement intended to modify the rights and

liabilities of suretyship shall contain in substance the words: 'This portion of the agreement is not intended to impose the liability of suretyship.'" The endorsement on the note in suit forms an agreement in writing to answer for the default of another, else the Statute of Frauds would deny recovery thereon against defendant's decedent (Wilson v. Martin, 74 Pa. 159, 160, 161); and being such an agreement, without the words necessary to make the liability assumed other than that of a surety, the Act of 1913 applies by its very terms, and defendant's decedent cannot be treated as though only a general guarantor.

This brings us to the second point made in the affidavit of defense, that, if liable at all, decedent was entitled to the peculiar rights of an ordinary guarantor; hence, in order to maintain its suit, plaintiff had to show that the principal debtor had been diligently pursued to insolvency before this action was commenced, and, the statement of claim failing so to aver, judgment on demurrer for defendant was correct. It is sufficient to say that this point is neither touched upon in the opinion of the court below nor pressed in the argument of counsel for defendant, and it might be dismissed on these grounds alone, or because, as already shown, according to the record before us, the decedent appears to be a surety rather than a guarantor; but, whatever he may be termed, the point in hand is covered by citing Campbell v. Baker, 46 Pa. 243, where we held that "A guaranty of the payment of a note 'when due' is broken by nonpayment at maturity, and the guarantor is then liable upon his contract to the creditor, who is not bound either to pursue the principal or show his insolvency." In other words, when one warrants payment at a particular time, it means just that, and not payment after pursuit and insolvency of the principal debtor, even though the word "guarantee,"—which usually imports the necessity for the latter course,—may be used: see

also Homewood People's Bk. v. Hastings, supra, and authorities cited in connection therewith.

We have not overlooked plaintiff's argument to the effect that, if the assignment part of the present contract of endorsement be ignored, the words, "I hereby guarantee payment," contained therein, should be treated likewise, because no portion of a written agreement, not plainly inserted by accident or mistake, may be eliminated by judicial construction; but this means only that, in construing one part of a written agreement, we cannot ignore another portion which has any bearing on the part under consideration,—not that where, as here, the portion ignored has no apparent bearing on the obligation set forth in the part sought to be enforced, the latter must fall because the former is not heeded.

Here, on the facts as pleaded, we cannot see that the words in the endorsement as to "transfer" have any bearing on those as to "guarantee," or that they affect the question of the liability of the endorsers. The form used is no doubt intended for service where an owner of a nonnegotiable instrument wants to transfer it to a new holder for value, with a guarantee of payment, employing a single writing to accomplish both purposes (Southern L. & S. Co. v. Baker, 281 Pa. 587, 592); and, so far as the present endorsers are concerned, it is probably a case of indiscriminately taking the form in its entirety, where, in point of fact, the guarantee clause alone was desired for use. Of course, in saying this, we are indulging in surmise, suggested by the state of the record, which, when explained by an affidavit on the merits, or at trial (see Shaffstall v. McDaniel, 152 Pa. 598, 601, 602; also revised order, Southern L. & S. Co. v. Baker, 282 Pa. 204) may present a different aspect; but, however that may be, on the record as it stands, the court below, instead of following the course it did, should have given defendant permission to file a further answer (section 20 of the Practice Act of May 14, 1915, P. L. 483) before considering the entry of final judgment.

The judgment is reversed, and defendant is granted the right to file such an affidavit of defense on the merits as is required by section 7 of the Practice Act, supra, of one in his representative capacity.